UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

FIDEL DeJESUS,

                      Petitioner,         16 CV 4878 (CM)

-against-                               11 CR 974-03 (CM)

UNITED STATES OF AMERICA,

                      Respondent.
----------------------------------------------------------x

ORDER DENYING MOTION FILED PURSUANT TO 28 U.S.C. § 2255

McMahon, C.J.:

Defendant was named in six counts of a multi-defendant, multi-count racketeering indictment; it alleges that he: (1) participated in a racketeering enterprise, in violation of Title 18, United States Code Section 1962(d) ("Count One"); (2) conspired to murder in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a)(5) ("Count Two"); (3) conspired to assault in aid of racketeering, in violation of Title 18, United States Code, Section 1959(a)(6) ("Count Three"); (4) attempted to murder in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(5) and 2 ("Count Four"); (5) committed assault in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2 ("Count Five"); and (6) discharged a firearm in relation to crimes of violence, specifically Counts Two through Five, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2 ("Count Seven"). (*Id.*)

On May 3, 2013, Fidel DeJesus pleaded guilty to Count Seven, brandishing a firearm in relation to crimes of violence, in violation of 18 U.S.C. § 924(c)(1)(A). On November 12, 2013, the Court sentenced him to seven years in federal prison. Because DeJesus—a non-citizen—

1

would be deported following his release from Bureau of Prisons custody, the Court did not impose a term of supervised release. DeJesus did not appeal. He was released from BoP custody on December 21, 2017.[1]

On June 22, 2016, The Office of the Federal Public Defender filed a petition on behalf of DeJesus, pursuant to the "*Johnson*" standing orders issued by the Court. *See* In re: Motion for Sentencing Reductions Under 28 U.S.C. § 2255 In Light of *Johnson v. United States*, 15 Misc. 373 (LAP) (S.D.N.Y. Nov. 18, 2015), and 16 Misc. 217 (CM) (S.D.N.Y. June 8, 2016). DeJesus' argues in his petition that his conviction for brandishing a firearm in relation to crimes of violence must be set aside because the crimes charged in Counts Two through Five (the predicated offenses) are no longer "crimes of violence" under the reasoning of *Johnson*.

DeJesus's motion had been held in abeyance, along with the bulk of this Court's "*Johnson* petitions," while cases addressing the scope of *Johnson* wended their way through the appellate courts. On February 4, 2019, the Court ordered the Government to respond to the defendant's motion. The Government filed its response on March 6, 2019, arguing that (1) the defendant's plea agreement with the Government waived the defendant's right to a collateral attack on his conviction and (2) in the alternative, the Second Circuit's decision in *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018), which held that the reasoning of *Johnson* did not apply to invalidate Section 924(c)'s risk-of-force clause, compelled rejection of the defendant's argument. (Dkt. No. 289).

On April 9, 2019, the defendant requested a further stay of his motion until the Supreme Court decided the then-pending case of *United States v. Davis*. (Dkt. No. 291.) The Court granted that stay on the same day. (Dkt. No. 295). On June 24, 2019, the Supreme Court decided

---

[1] According to the records of the United States Immigration and Customs Enforcement, DeJesus was removed from the United States to Mexico on January 10, 2018.

2

*Davis*, overruling *Barrett* in holding that Section 924(c)'s residual, or risk-of-force, clause defining a "crime of violence" was void for vagueness and thus unconstitutional. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). On July 1, 2019, the Court ordered the parties to respond in light of *Davis* decision. On July 31, 2019, the Government filed a supplemental response arguing that DeJesus petition was procedurally barred and otherwise without merit. The Federal Defender did not file a reply.

The motion is denied.

DeJesus § 924(c) Conviction Properly Rests on a "Crime of Violence"

The Government's procedural attacks on the instant petition aside, DeJesus' *Johnson/Davis* claim is without merit.

A defendant is guilty of violating Section 924(c) if he used or carried a firearm during and in relation to, or possessed a firearm in furtherance of, a "crime of violence" or "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is defined as a felony that (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "force clause") or (2) "by its nature . . . involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "risk-of-force clause"). *Id.* § 924(c)(3)(A), (B).

In *Davis*, the Supreme Court held that Section 924(c)(3)(B)'s risk-of-force clause is unconstitutionally vague in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson*, 135 S. Ct. 2551. *Davis*, 139 S. Ct. at 2325-27, 2336. In so ruling, *Davis* rejected the contention that Section 924(c)(3)(B)'s vagueness concerns could be avoided by applying the statute to a defendant's case-specific conduct with a jury making the requisite findings about the nature of the predicate offense and the attendant risk of physical force being used in its commission. *Id.* at

3

2327-33. Rather, *Davis* held that the categorical approach applied in which courts "had to disregard how the defendant actually committed his crime" and "imagine the idealized 'ordinary case' of the defendant's crime" is unconstitutional. *Id.* at 2326-27, 2336 (internal citation omitted).

However, there is no suggestion in *Davis*, *Dimaya*, or *Johnson* that the language of the *force* clause appearing in the statutes under consideration— Section 924(c), Section 16, or ACCA, respectively—was suspect. Here, at least one of the predicates for the defendant's 924(c) conviction, assault in aid of racketeering, continues to qualify as a crime of violence under Section 924(c)'s force clause.

"To determine whether an offense is a crime of violence, courts employ what has come to be known as the 'categorical approach.'" *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). However, when a statute is divisible, meaning it "list[s] elements in the alternative, and thereby define[s] multiple crimes," reviewing courts apply the "modified categorical approach," under which the court reviews a limited set of documents [the *Shepard* documents], including for example, the indictment, plea agreement, and plea colloquy "to determine, what crime, with what elements the defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Whether a court employs the categorical or modified categorical approach, in the Section 924(c) context, once the crime and elements are identified, the court "consider[s] the minimum conduct necessary for a conviction of the predicate offense . . . , and then considers whether such conduct amounts to a crime of violence" under the statute. *Hill* 890 F.3d at 56.

By (a) setting forth numerous different crimes of violence and (b) invoking state and federal criminal laws, the Violent Crimes in Aid of Racketeering statute (VICAR) presents many

4

alternative crimes with distinct elements. *See* 18 U.S.C. § 1959. Accordingly, VICAR is divisible and the modified categorical approach applies. *See Mathis*, 136 S. Ct. at 2249; *see also Gordillo-Portocarrero v. United States*, 2019 WL 181119, at *8 (E.D. Va. Jan. 11, 2019) (holding that VICAR is divisible by subsections and clauses); *United States v. McCollum*, 885 F.3d 300, 305-07 (4th Cir. 2018) (implying that VICAR is divisible by applying the categorical approach to the narrower provision of conspiracy to commit murder in aid of racketeering); *United States v. Russell*, 2018 WL 3213274, at *3 (E.D.N.Y. June 29, 2018) (same as to murder in aid of racketeering); *cf. Hill*, 890 F.3d at 55 n.6 (endorsing the view that the Hobbs Act, with its separate offenses of robbery and extortion, is divisible). Because the statute is divisible and the modified categorical approach applies, the Court may consider which variety of VICAR the defendant was charged with and convicted of.

As the Second Circuit has noted, a violation of Section 1959(a) requires proof that the "predicate acts constitute state law crimes." *United States v. Carillo*, 229 F.3d 177, 185 (2d Cir. 2000). Thus, the analysis under the force clause requires consideration of the underlying state law. Here, as cited in Count Five of the Indictment, DeJesus was charged with VICAR assault in aid of racketeering, in violation of New York Penal Law, Sections 120.05 (Second Degree Assault) and 120.10 (First Degree Assault). (*See* Ind. 12.) Both First and Second Degree New York State Assault statutes are written with multiple numbered paragraphs describing various ways of violating those statutes, including methods of violation requiring intent and others requiring lesser degrees of *mens rea*. *See* N.Y. Pen. Law §§ 120.05, 120.10. Like VICAR, then, these New York assault statutes set forth multiple alternative elements providing distinct mechanisms to violate the assault statutes and are themselves divisible. *See, e.g., Grant v. United States*, 2017 WL 2881132, at *3 (E.D.N.Y. July 5, 2017) (holding that New York Second Degree

5

Assault statute is divisible and citing *Singh v. U.S. Dep't of Homeland Sec.*, 526 F.3d 72, 78 (2d Cir. 2008)); *see also Mathis* 136 S. Ct. at 2249.

Accordingly, in assessing whether the force clause applies to the defendant's 924(c) conviction as grounded in assault in aid of racketeering, the modified categorical approach applies and the Court may consider the relevant *Shepard* documents to determine whether the defendant committed an intentional variety of state assault—which would satisfy the force clause in requiring the intentional use of force. Here, the defendant's plea allocution makes clear that he *intended* to commit assault. As the defendant stated at the time of his plea, "I was walking and the Latin Kings started to follow me so I pulled out the weapon and I shot at them in their direction. The plan was that I was coming with another friend and we *wanted* to assault them. When I pulled out the weapon, they ran away. I pulled out the weapon, I fired it, and they left." (Plea Tr. 17:7–12 (emphasis added).) The defendant clearly admitted to carrying the firearm and intending to commit assault. Therefore, the intent subsections of the New York assault statute apply, the defendant's predicate assault has as "an element the use, attempted use, or threatened use of physical force against the person or property of another," and the defendant's conviction is proper under Section 924(c) and unaffected by *Davis*.

DeJesus' Motion is Denied.

Because the Petitioner has not made a substantial showing of denial of a constitutional right, a certification of appealability will not issue. *United States v. Perez*, 129 F.3d 255, 260 (2d Cir.1997). The Court further finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from an order denying DeJesus' motion would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 82 (1962).

This constitutes the decision and order of the Court.

Dated: December 6, 2019

_____
Chief Judge

BY ECF TO ALL PARTIES